12 CV 9119

JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Elizabeth Sanders and Anthony Johnson,

                      Plaintiffs,

            vs.

THE CITY OF NEW YORK, Police Officers
Carmen Torres-Ortiz, Michael Worrell, JOHN DOE
and RICHARD ROE (names and numbers of whom are
unknown at present), Sergeant Berkle Vantull, and
other unidentified members of the New York City Police
Department,

                      Defendants
-------------------------------------------------------------------X

11 Civ.

DEC 14 2012

**COMPLAINT**

**JURY TRIAL
DEMANDED**

        Plaintiffs by and through their attorneys, Emery Celli Brinckerhoff & Abady LLP, for their complaint allege as follows

### PRELIMINARY STATEMENT

        1.     This is a civil rights action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs, a Connecticut couple who drove to New York City in December 2011 to deliver a Christmas tree to a relative, were stopped and arrested by New York City police officers for no justifiable reason. Plaintiffs were deprived of their constitutional and common law rights when the individual defendants utilized excessive force, committed an unwarranted and malicious assault and battery on plaintiff Elizabeth

1

Sanders, unlawfully confined plaintiffs, and caused the unjustifiable arrests and malicious prosecution of plaintiffs.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.  The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district

## PARTIES

5.  Plaintiff Anthony Johnson is a citizen of the United States and a resident of Greenwich, Connecticut. Johnson is the Executive Director of the Housing Authority of the Town of Greenwich.

6.  Plaintiff Elizabeth Sanders is a citizen of the United States and a resident of Greenwich, Connecticut. Sanders works for the Greenwich Board of Education, and is an elected member of the Representative Town Meeting, the legislative body of the Town of Greenwich.

7. New York City Police Officer Carmen Torres-Ortiz, shield number 28927, Police Officer Michael Worrell, shield number 01718, Sergeant Berkle Vantull, shield number 4296, John Doe, Richard Roe, and other unidentified members of the New York City Police Department (the "individual defendants") are and were at all times relevant herein officers, employees, and agents of the New York City Police Department. On the date of the incident, December 17, 2011, they were assigned to the 43rd Precinct. The individual defendants are being sued herein in their individual and official capacities.

8. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

10. On December 17, 2011, Johnson and Sanders drove to New York City from Greenwich, Connecticut to deliver a Christmas tree to Sanders' mother.

11. Sanders' mother lives on Colgate Avenue, between Westchester and Watson Avenues, in the County of Bronx, City of New York.

12. Johnson, who was driving, parked in Sanders' mother's driveway to unload the tree. After passing the tree off to Sanders' brother, Johnson and Sanders got back in the car and backed out of the driveway.

13. Johnson drove slowly down Colgate Avenue, in the direction of Watson Avenue. Sanders was sitting in the front passenger seat.

14. Defendants Carmen Torres-Ortiz and Michael Worrell, uniformed officers, were patrolling the street from the east side, across the street from Sanders' mother's driveway, on foot.

15. Before Johnson reached the stop sign and crosswalk at the intersection of Colgate and Watson Avenues, defendant Torres-Ortiz approached the car on foot.

16. Defendant Torres-Ortiz motioned for Johnson to stop the car, and he did.

17. Defendant Torres-Ortiz accused Johnson of driving into the crosswalk before stopping.

18. Johnson's car was not stopped in the crosswalk.

19. Defendant Torres-Ortiz asked Johnson for his license and registration.

20. After providing his license and registration, Johnson asked if he could pull over to let traffic pass. Defendant Torres-Ortiz consented, and Johnson drove around the corner and parked the car.

21. Defendant Torres-Ortiz followed the car on foot and approached the passenger side of the car, where Sanders was sitting.

22. Defendant Torres-Ortiz and Sanders had a conversation, during which Sanders asked if she could make a phone call to her pastor to discuss holiday candy bags she had planned to prepare for her family's church congregation. Sanders asked Torres-Ortiz if she and Johnson were going to get a ticket, because she was in a hurry to get to the store to buy materials for the candy bags. Defendant Torres-Ortiz said she and defendant Worrell were not going to give them a ticket; they were only checking Johnson's license and registration.

23. Sanders and Johnson waited in the car for approximately half an hour while defendants Torres-Ortiz and Worrell sat in a NYPD vehicle, still in possession of Johnson's license and registration.

24. Defendant Torres-Ortiz then returned to Johnson and Sanders' car with a ticket.

25. Johnson told defendant Torres-Ortiz the ticket was uncalled for, and he asked to speak with her supervisor.

26. Some minutes later, Defendant Berkle Vantull, a sergeant, and additional NYPD vehicles arrived at the corner of Colgate Avenue and Watson Avenue.

27. Defendant Vantull first talked to defendants Torres-Ortiz and Worrell near their NYPD vehicle, which was still parked on the east side of Colgate Avenue near the corner of Watson.

28. Defendant Vantull then walked over to Johnson and Sanders' car, around the corner on Watson Avenue.

29. Sanders asked defendant Vantull for permission to get out of the car to show him what had happened.

30. Defendant Vantull said she could, and Sanders exited the car and walked over to the corner near the crosswalk.

31. As she attempted to demonstrate to defendant Vantull that Johnson had not pulled his vehicle into the crosswalk, defendant Vantull stopped Sanders and told her she would just have to pay the traffic ticket.

32. Sanders returned to the car, and Johnson expressed his frustration to Sanders.

33. Defendant Vantull approached Johnson's side of the car and told Sanders and Johnson they would be arrested if they said another word.

34. Johnson and Sanders stopped speaking and remained silent.

35. Defendant Worrell walked up to the driver's side of the car and handed Johnson a ticket.

36. Johnson was about to drive off when defendant Torres-Ortiz approached the passenger side of the vehicle, laughing.

37. Sanders, still inside the car, entered into a conversation with defendant Torres-Ortiz. Sanders expressed that she was surprised this unwarranted traffic stop had happened. She also told defendant Torres-Ortiz that her family supports the NYPD and donates money to the NYPD every year.

38. The criminal complaint alleges Sanders said "I hope for the next cop's funeral both your parents are dressed in black."

39. At no time did Sanders threaten defendant Torres-Ortiz, or any officer.

40. After their verbal exchange, defendant Torres-Ortiz walked away from the car, in the direction of the other officers.

41. At least seven officers, including defendant Vantull, approached the car. Defendant Vantull told Sanders she was under arrest, and he said he was taking Johnson with her.

42. Johnson and Sanders were taken in a NYPD vehicle to the 43rd precinct.

43. When they arrived at the precinct, NYPD officers were gathered on the precinct's steps. The officers taunted Johnson and Sanders, saying that they had gotten themselves arrested.

44. Johnson was never told why he was under arrest: not when he was told to get out of his car and get in the NYPD vehicle, not when he was taken to the 43rd precinct, and not at any time before he appeared before a judge nearly 24 hours later.

45. In the 43rd precinct, Johnson and Sanders were placed in separate male and female holding cells.

46. Sanders informed defendant John Doe at the precinct that she had to use the bathroom. She requested a female officer to escort her.

47. Defendant John Doe ignored her request.

48. Sanders repeatedly asked any officer in earshot, including unidentified members of the New York City Police Department, to use the bathroom.

49. She pleaded, with increasing desperation, that she needed to urinate.

50. Defendant Doe told the unidentified officers to ignore Sanders' pleas, and they did.

51. Finally, after approximately five hours, defendant Richard Roe opened the female holding cell and told Sanders he was taking her to the bathroom.

52. Sanders held her hands behind her back and exited the cell with defendant Roe.

53. Sanders asked defendant Roe if a female officer would accompany her inside the bathroom.

54. Defendant Roe became angry and yelled at Sanders to put her hands behind her back.

55. Sanders responded her hands were already behind her back, where they had remained since she had exited the cell.

56. Suddenly, unidentified defendant officers rushed to Sanders and, with defendant Roe, shoved Sanders to the floor. Other defendant unidentified officers witnessed the attack on Sanders and failed to intervene to prevent or stop the attack. Sanders fell face first, landing forcefully and painfully on her chest and face.

57. As Sanders fell, she began to urinate on herself.

58. While Sanders was on the floor, with her hands still behind her back, defendant Roe grabbed her by her hair and dragged her back into the cell. Other unidentified officers witnessed defendant Roe assaulting and battering Sanders by dragging her by her hair and failed to intervene.

59. As defendant Roe dragged Sanders, she began to urinate on herself a second time. Her pant legs became wet with urine, and a puddle of urine collected on the floor.

60. When Sanders was back in the cell, she said again that she had to go to the bathroom.

61. Defendant Roe told Sanders that it was impossible that she had to go to the bathroom, because she had already urinated on the floor. He did not take her to the bathroom.

62. For the next almost three hours, Sanders continued to plead with any officer in earshot, including unidentified defendant officers, that she needed to go to the bathroom.

63. Sanders was never permitted to use the bathroom in the 43rd precinct.

64. Sanders was detained in the 43rd precinct for approximately eight hours.

65. At approximately midnight, Johnson and Sanders were taken to Central Booking.

66. The cells in Central Booking were so crowded, filthy, and roach infested that Johnson and Sanders could not sit for hours and did not sleep at any point.

67. Johnson and Sanders were in custody for almost 24 hours.

68. Johnson and Sanders were arraigned on December 18, 2011.

69. Johnson was charged with obstructing governmental administration and disorderly conduct. Sanders was charged with obstructing governmental administration, harassment, and disorderly conduct.

70. Johnson also received a summons charging him with disorderly conduct.

71. Johnson and Sanders had to appear in court numerous additional times to contest the unwarranted and unlawful charges against them.

72. The criminal charges against Johnson and Sanders were dismissed on September 12, 2012 when New York State Supreme Court Judge Patricia Williams heard the evidence at trial and dismissed all the charges.

73. At the close of Johnson and Sanders' criminal trial, Judge Williams expressed concern about the conduct of the NYPD. Specifically, Judge Williams was outraged by the baseless charges brought against Johnson and Sanders, and the City's prosecution of those charges.

74. The criminal summons was dismissed on November 23, 2012 by a judge of the Criminal Court of the City of New York.

75. The individual defendants' actions constituted outrageous conduct, were reckless, and demonstrated a callous indifference to and willful disregard of plaintiffs' federal and state protected rights.

76. The assault and battery of plaintiff Sanders by defendants Roe and unidentified officers was far in excess of their rightful authority as New York City police officers. This assault on plaintiff was made without proper cause.

77. Plaintiff Sanders experienced conscious pain, suffering and fear as she was subjected to an assault and battery by defendant Roe and unidentified officers, and denied access to a bathroom for approximately eight hours by defendants Doe, Roe, and unidentified officers.

78. The false imprisonment and false arrest of plaintiffs by defendants caused plaintiffs to sustain physical pain and suffering, and psychological and emotional trauma.

79. The acts of the individual defendants were reckless, willful, wanton, and malicious, thus entitling plaintiffs to an award of punitive damages.

80. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

### FIRST CAUSE OF ACTION
### Violation of Plaintiffs' Fourth Amendment and
### Fourteenth Amendment Rights

81. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 80 with the same force and effect as if more fully set forth at length herein.

82. Defendants Carmen Torres-Ortiz, Michael Worrell, Berkle Vantull, John Doe, Richard Roe, and other unidentified members of the New York City Police Department, who were acting in concert and within the scope of their authority, arrested and caused plaintiffs to be imprisoned without probable cause in violation of plaintiffs' rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

### SECOND CAUSE OF ACTION
### Violation of Plaintiff Sanders' Fourth Amendment Rights

83. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 82 with the same force and effect as if more fully set forth at length herein.

84. The use of excessive force by defendants Roe and other unidentified members of the New York City Police Department, who were acting in concert and within the scope of their authority, in shoving plaintiff and dragging her by her hair was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution. Other unidentified defendant officers failed to intervene to prevent or stop the assault on plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION
### Malicious Prosecution

85. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs marked 1 through 84 with the same force and effect as if more fully set forth at length herein.

86. The acts and conduct of the defendants, who were acting in concert and within the scope of their authority, constitute malicious prosecution under the Fourth Amendment to the United States Constitution. Defendants commenced and continued a criminal proceeding against plaintiffs. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiffs.

### FOURTH CAUSE OF ACTION
### Assault of Plaintiff Sanders

87. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs marked 1 through 86 with the same force and effect as if more fully set forth at length herein.

88. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff Sanders in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff Sanders, or stood by and failed to intervene when plaintiff Sanders was assaulted, and that such act(s) caused apprehension of such contact in the plaintiff Sanders.

89. Defendants Roe and other unidentified members of the New York City Police Department were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

90.  Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CAUSE OF ACTION
### Battery of Plaintiff Sanders

91.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs marked 1 through 90 with the same force and effect as if more fully set forth at length herein.

92.  The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff Sanders, when they, in a hostile and/or offensive manner struck plaintiff, or stood by and failed to intervene when plaintiff Sanders was battered, without her consent, and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

93.  Defendants Roe and other unidentified members of the New York City Police Department were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

94.  Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FIFTH CAUSE OF ACTION
### False Arrest

95.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs marked 1 through 94 with the same force and effect as if more fully set forth at length herein.

96.  The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine

plaintiffs and, in fact, confined plaintiffs, and plaintiffs were conscious of the confinement. In addition, plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

97.     Defendants Carmen Torres-Ortiz, Michael Worrell, Berkle Vantull, John Doe, Richard Roe, and other unidentified members of the New York City Police Department, were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

98.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### SIXTH CAUSE OF ACTION
### Negligent Hiring, Training, Discipline, and Retention of Employment Services

99.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 98 with the same force and effect as if more fully set forth at length herein.

100.    Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances, a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

101.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

102.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

103. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these individual defendants proximately caused plaintiffs' injuries.

104. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

105. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

106. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

107. That the jury find and the Court adjudge and decree that plaintiffs shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

108. That the plaintiffs recover the cost of the suit herein, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988.

109.     That the plaintiffs have such other and further relief as the Court shall deem just and proper.

DATED:     New York, New York
           December 14, 2012

                                        EMERY CELLI BRINCKERHOFF
                                             & ABADY LLP

                                        By: _____
                                            Earl S. Ward
                                            Julia Einbond

                                        75 Rockefeller Plaza, 20th Floor
                                        New York, NY 10019
                                        (212) 763-5000

                                        Attorneys for Plaintiffs